UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| 8975 Licensing LLC, a Texas Limited Liability Company,<br><br>     Plaintiff,<br><br>  v.<br><br>InXpress, LLC, a Utah Limited Liability Company,<br><br>     Defendant. | Case No. 4:15-cv-00824<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 8975 Licensing LLC ("Plaintiff" or "8975 Licensing") complains as follows:

### NATURE OF ACTION

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under the United States Patent Laws.

3. Defendant InXpress, LLC ("Defendant" or "InXpress") is subject to this Court's specific personal jurisdiction because Defendant advertises throughout the United States and in this Judicial District, Defendant's Infringing Website and web application for reserving freight forwarding services is available to access through the internet in this Judicial District, and upon information and belief, Defendant has franchises and customers from this Judicial District, and

Defendant has caused injury to Plaintiff within this Judicial District by virtue of the acts of patent infringement that are described herein.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b). Defendant is transacting, conducting/soliciting business, and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## THE PARTIES

5. Plaintiff 8975 Licensing LLC is a Texas Limited Liability Company with its principal place of business in Plano, Texas. 8975 Licensing LLC is in the business of developing, managing and licensing intellectual property related to advanced internet (web) architecture, including related patents and other intellectual property. 8975 Licensing LLC is the exclusive licensee possessing all substantial right, title and interest to a patent issued by the United States Patent and Trademark Office for an invention relating to the use and display of data dynamically within a website or web application. The Patent is U.S. Patent No. 9,128,975 B2 (The '975 Patent). A copy of the '975 Patent is attached hereto as Exhibit A.

6. Plaintiff does not make, offer for sale, or sell within the United States any article covered by the patents asserted in this action, nor does Plaintiff import any article covered by the patents asserted in this action into the United States. Accordingly, Plaintiff has complied with 35 USC § 287.

7. Upon information and belief, Defendant is a Utah Limited Liability Company with headquarters and principal place of business at 9815 Monroe Street Suite #306 Sandy, UT 84070. Defendant has been using its infringing product (website application) within the United States, and within this District, all without consent from Plaintiff. Defendant's infringing product/application includes, but is not limited to, its InXpress Ship 2.0 shipping application that allows franchisees

and customers to book shipments of freight and receive information about rates and costs (the "Accused Product").

## FIRST CLAIM FOR RELIEF

**(Infringement of the '975 Patent)**

8.   Plaintiff incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-7 above.

9.   On September 8, 2015, U.S. Patent No. 9,128,975 B2 (the '975 Patent), entitled "Systems and Methods for Determining Data Dependency for Dynamic Tiles," was issued for the invention of a novel method to solve the problem of conventional user interfaces that access one or more databases, but return only static data based upon a user's inputs.

10.   Anthony L. Leto is the sole-inventor of the '975 Patent.  8975 Licensing is the exclusive licensee possessing all substantial right, title and interest to the '975 Patent, including the right to sue for infringement. Accordingly, Plaintiffs have standing to sue for infringement of the '975 patent.

11.   Upon information and belief, Defendant has been and now is directly infringing one or more claims of the '975 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing a method to display data dynamically dependent upon a user's input in Defendant's on-line freight reservation system.

12.   Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '975 patent by making, using, importing, selling, and/or offering for sale and use a web-based InXpress Ship 2.0 shipping application, the Accused Product, which are covered by one or more claims of the '975 patent.  Defendant has infringed and

continues to infringe the '975 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

13.     Upon information and belief, Defendant has been and now is directly infringing one or more claims of the '975 Patent, including at least Claim 1 of the '975 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing a method to display data dynamically dependent upon a user's input into the InXpress Ship 2.0 shipping application, the Accused Product.

14.     Upon information and belief, Defendant's sale, offers to sell, and/or use of the Accused Product, including, without limitation, InXpress Ship 2.0 shipping application, and any similar products, infringes at least Claim 1 of the '975 Patent because the Accused Product allows for the user input to select a packaging type, postal code or insurance selection, among others, in one field, and dynamically refresh, update and present that customers new data in another field(s).

15.     Upon information and belief, Defendant induces its franchisees and customers to use the Accused Product to make freight reservations by allowing them to use the website application that embodies the patented invention.  Thus, Defendant has induced its customers to infringe the '975 Patent literally and/or under the doctrine of equivalents.

16.     Plaintiff, as the proximate result of Defendant's patent infringement, has suffered and, if Defendant is not enjoined, will continue to suffer irreparable harm, for which Plaintiff has no adequate legal remedy.

**PRAYER FOR RELIEF**

Therefore, Plaintiff prays for judgment:

1.     That Defendant has infringed the '975 Patent;

2. That Plaintiff be awarded damages from patent infringement according to proof as provided under 35 U.S.C. § 284;

3. Permanently enjoining Defendant and all others acting in concert with Defendant from infringing the '975 Patent without permission or license from Plaintiff;

4. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award reasonable attorney's fees;

5. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any money judgment; and

6. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

8975 Licensing LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  December 3, 2015.                    SMITH & LETO

 */s/ Margaret A. Smith*
Margaret A. Smith (Cal. Bar No. 123428)
Anthony L. Leto (Cal. Bar No. 148584)
P.O. Box 310
Los Gatos, CA  95031
Tel:  (408) 827-3839
Fax:  (408) 317-0377
E-mail:  patentlitigation@smithandleto.com

Attorneys for Plaintiff 8975 Licensing LLC